DOCKET FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

VLADIMIR BARNAVE,

                Plaintiff,

- against -

NEWPORT HOMES INC.; HON. LAURIE L. LAU,

                Defendants.
-----------------------------------------------------------X

MEMORANDUM
AND ORDER
11-CV-0604 (KAM)

**MATSUMOTO, United States District Judge:**

        Plaintiff, Vladimir Barnave ("plaintiff"), filed this action *pro se* on February 3, 2011, challenging his "remov[al] from [his] domicile at 73 Lott Street, Apt. 1 in Brooklyn, N.Y., 11226 on February 24, 2009." (ECF No. 1, Compl. at III.) He states that he was "discriminated against in Housing Court Part P. on 3/2/2009 and denied due process of law." (*Id.*) He seeks to be restored to possession of the Lott Street property and damages. (*Id.* at V.) The court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order, but dismisses the action for the reasons stated below.

## STANDARD OF REVIEW

        Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B). The court construes plaintiff's complaint liberally particularly because it alleges civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).

        Moreover, plaintiff must establish that the court has subject matter jurisdiction

over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999) ("Where jurisdiction is lacking, the district court must dismiss the Complaint without regard to the merits of the lawsuit."). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Where subject-matter jurisdiction is lacking, "dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## DISCUSSION

Plaintiff brings this action to contest a proceeding in housing court which resulted in the loss of his home. (*See genernally* Compl.) Plaintiff proposes that this court has jurisdiction under the United States Constitution, two federal criminal statutes, and various state law housing laws. (*Id.* at IV.)

First, the two federal criminal sections to which plaintiff cites, 18 U.S.C. §§ 241 and 242, do not afford a private right of action to citizens; instead only the Federal Government may bring charges under these sections. *See Storm-Eggink v. Gottfriend*, No. 10-823-CV, 2011 WL 310320, at *1 (2d Cir. Feb. 2, 2011) (citing *Robinson v. Overseas Military Sales Corp.*, 21

F.3d 502, 511 (2d Cir. 1994) and *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F .2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints.")). Accordingly, plaintiff's complaint under these sections lacks an arguable legal basis and therefore fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, this court does not have subject matter jurisdiction over state housing law claims as landlord-tenant relations are a matter of state law. *See e.g., Galland v. Margules*, No. 05-CV-5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.").

Third, to the extent he seeks to bring a claim under the United States Constitution, the court liberally construes the complaint as brought under the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983 as the only possible basis for subject matter jurisdiction. In order to maintain a claim under 42 U.S.C. §1983 ("section 1983"), plaintiff must allege that: (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Neither of the defendants named in the Complaint, however, are proper parties to a section 1983 action and must be dismissed. First, the Honorable Laurie Lau is absolutely immune from this action for her actions as a judicial officer; the action against her is dismissed because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial

actions." (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction)); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1990) ("[O]fficials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."). Second, Newport Homes Inc. is a private entity, which does not act under color of state law within the meaning of 42 U.S.C. § 1983. Accordingly, the claims against it must also be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 304-05 (2001) (discussing whether athletic association was state actor within reach of § 1983) *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors).

Moreover, this action is barred under the *Rooker-Feldman* doctrine. This case is "brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). While there has been much discussion over the limits of the *Rooker-Feldman* doctrine, the Supreme Court has held this is precisely the type of case to which the *Rooker-Feldman* doctrine applies. *Id.*

In *Hoblock v. Albany County Bd. of Elections*, the Second Circuit set out the four requirements of the *Rooker-Feldman* doctrine in light of *Exxon*: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings

commenced." 422 F.3d 77, 85 (2d Cir. 2005) (internal alteration and quotation marks omitted). Plaintiff's complaint satisfies all four factors for the application of the *Rooker-Feldman* doctrine: (1) plaintiff lost in state court; (2) he complains of the injury caused by the state court order; (3) plaintiff wants this court to review the state court's process and reject the state court's determinations; and (4) the state court determinations in question were rendered before this action was commenced. Accordingly, this court lacks subject matter jurisdiction to hear this claim.

Whereas, ordinarily, the court would allow plaintiff an opportunity to amend his pleading *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity where, as here, it is clear from the face of the complaint that the court does not have subject matter jurisdiction over plaintiff's state housing law claims and, where the court may have subject matter jurisdiction, plaintiff has not stated a claim on which relief may be granted. Moreover, plaintiff's action is barred by the *Rooker-Feldman* doctrine.

## CONCLUSION

Accordingly, the court dismisses the instant *pro se* complaint. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12 (h)(3). Any state law claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to enter judgment accordingly, to serve a copy of this Memorandum and Order on plaintiff, to

make a notation of the service in the docket, and to close the case.

SO ORDERED.

Dated: April 7, 2011
Brooklyn, New York

_____/s/_____

Kiyo A. Matsumoto
United States District Judge